# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANDRA FIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-477-JWD-EWD** |
| **PROGRESSIVE CASUALTY INSURANCE CO., ET AL.** | |

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

                                                      **ERIN WILDER-DOOMES**
                                                      **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VANDRA FIELDS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-477-JWD-EWD** |
| **PROGRESSIVE CASUALTY INSURANCE CO., ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Leave to File Supplemental & Amending Petition for Damages with Included Memorandum in Support ("Motion for Leave"), filed by Vandra Fields ("Plaintiff").[1] Through the Motion for Leave, Plaintiff seeks to correct the name of the insurer for Defendants Uniex Logistics, Inc. ("Uniex") and Li Cui ("Cui") to United Financial Casualty Company, and to correct the name of Plaintiff's uninsured/underinsured motorist carrier to United Services Automobile Association. The Motion for Leave is deemed to be unopposed as no timely opposition memorandum was filed.[2]

Applying the factors in *Hensgens v. Deere & Co.*,[3] it is recommended[4] that the unopposed Motion for Leave be granted, allowing Plaintiff leave to amend her Petition. As granting the Motion for Leave will destroy complete diversity, it is further recommended that the matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack for subject matter jurisdiction.

---

[1] R. Doc. 13.
[2] Pursuant to Local Civil Rule 7(f), any opposition memorandum was due within twenty-one days after the Motion for Leave was filed. The parties were also specifically ordered to advise whether they intended to oppose the Motion for Leave. *See* R. Doc. 14. No party has responded to the Motion for Leave and the deadlines to do so have expired.
[3] 833 F.2d 1179 (5th Cir. 1987).
[4] "Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)." *Cazares v. Morris*, No. 09-2168, 2011 WL 2414543, at *2 (D. Ariz. June 16, 2011) (citations omitted). However, because the decision regarding Plaintiff's Motion for Leave will determine whether this Court continues to have diversity jurisdiction over this matter, and thus whether this matter should be remanded to state court, the motion is dispositive and a report and recommendation, rather than a ruling, is being issued. *See Vessell v. Wal-Mart Stores, Inc.*, No. 07-228, 2008 WL 2700010, at *2, n. 2 (M.D. La. July 9, 2008).

I.  **BACKGROUND**

In this civil action, which was originally filed in the Nineteenth Judicial District Court, East Baton Rouge Parish, State of Louisiana, Plaintiff claims that she was injured in an automobile accident on September 12, 2020, when a 2016 Volvo Tractor rear-ended her vehicle. The Petition for Damages originally named the following defendants: Cui, the driver of Volvo Tractor; Uniex, Cui's employer and the owner of the Volvo Tractor; Progressive Casualty Insurance Company ("Progressive"), Cui's liability insurer; and USAA Casualty Insurance Company ("USAA Casualty"), Plaintiff's uninsured/underinsured motorist insurer.[5]

United Financial Casualty Company ("United"), which claims it was erroneously identified as Progressive Casualty Insurance Company in Plaintiff's Petition, filed a Notice of Removal on August 18, 2021, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[6] United alleged that the parties are completely diverse, as follows: Plaintiff is domiciled in Louisiana;[7] United is organized under the laws of Ohio, with its principal place of business in Ohio;[8] Cui is domiciled in California;[9] Uniex is organized under the laws of California and has its principal place of business in California;[10] and USAA Casualty is organized under the laws of Texas with

---

[5] R. Doc. 1-2, pp. 1-4.
[6] R. Doc. 1, at introduction. It should be noted that United was not permitted to remove this case. 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted). However, some courts in this Circuit have permitted cases to proceed notwithstanding removal by a party who is not named where the parties agree the removing party is misnamed (*i.e.*, the removing party is the intended defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *See, e.g., Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015). Because remand is recommended on other grounds, it is not necessary to decide whether Progressive was also of diverse citizenship from plaintiff such that the *de facto* substitution of United did not manufacture jurisdiction where it did not otherwise exist.
[7] R. Doc. 1, ¶ I.
[8] *Id.*, ¶ II.
[9] *Id.*, ¶ III.
[10] *Id.*, ¶ IV.

2

its principal place of business in Texas.[11]  As to amount in controversy, United stated that it is facially apparent that the amount in controversy is met as Plaintiff does not offer a binding stipulation that she will not seek to enforce a judgment of more than $75,0000, because she specifically alleged that her damages exceed $50,000, exclusive of interests and costs, and because Plaintiff sued her uninsured/underinsured motorist carrier to the extent the liability insurance was insufficient.[12]

On November 17, 2021, United Services Automobile Association ("USAA"), filed a Motion to Remand.[13]  In that Motion, USAA claimed that it is the correct uninsured/underinsured motorist carrier for Plaintiff, not USAA Casualty.  USAA further sought remand because it is "a reciprocal insurance exchange with members in all fifty (50) states," such that it is a non-diverse party from Plaintiff.

During a telephone conference on December 1, 2021 to discuss the Motion to Remand, Plaintiff's counsel confirmed that USAA is the correct uninsured/underinsured motorist carrier for Plaintiff.  Because USAA was not named as a party to the suit, the Motion to Remand was terminated; however, Plaintiff was ordered to file a motion for leave to amend her Petition to substitute USAA.  The parties were advised that, if the motion for leave to amend is granted and the addition of USAA as a defendant destroys complete diversity, then remand would be recommended *sua sponte*.[14]  Plaintiff timely filed the instant Motion for Leave to substitute USAA for USAA Casualty.

---

[11] *Id.*, ¶ V.
[12] R. Doc. 1, ¶¶ VI, VII & IX.  Because remand is recommended on other grounds, it is not necessary determine whether United met its burden of establishing the requisite amount in controversy.
[13] R. Doc. 6.
[14] R. Doc. 11.

**II.  LAW AND ANALYSIS**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The court liberally construes Rule 15(a) in favor of amendment.[15] When a post-removal amendment would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."[16]

When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits."[17] The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities.[18] Applying these factors, the *Hensgens* court held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction.[19]

---

[15] *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981) ("[T]he liberal position of the federal rules on granting amendments…evinces a bias in favor of granting leave to amend."); *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) ("[a] district court must possess a substantial reason to deny a request for leave to amend.") (quotations omitted).

[16] *Hensgens*, 833 F.2d at 1182. Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.*, No. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995).

[17] *Hensgens*, 833 F.2d at 1182.

[18] *Id.*

[19] *Id.* In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly

United removed the matter to this Court on the basis that diversity jurisdiction exists under 28 U.S.C. § 1332.[20] According to the Notice of Removal, Plaintiff is a citizen of Louisiana, while the original defendants are citizens of Ohio, California, and Texas. Although the proposed Supplemental and Amending Petition for Damages does not adequately allege the citizenship of USAA, the representation in the Motion to Remand and the case law establish that USAA is a reciprocal insurance exchange with members in all fifty states.[21] Because USAA is an unincorporated association, its citizenship is determined by the citizenship of all its members.[22] Because USAA is a citizen of every state, including Louisiana, it is not diverse from Plaintiff.[23] Because the addition of USAA as a defendant would destroy this Court's subject matter jurisdiction, thereby requiring remand, the Court must apply the *Hensgens* factors to determine whether to grant Plaintiff's post-removal Motion for Leave seeking to substitute USAA.[24]

Significantly, no party opposes the substitution of USAA as a defendant. Further, all four *Hensgens* factors weigh in favor of granting Plaintiff's Motion for Leave. First, there is no

---

joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp.*, No. 07-516, 513 F. Supp. 2d 664, 670 (E.D. La. 2007), citing *Cobb*, 186 F.3d at 680-81).

[20] R. Doc. 1. Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will." *Hensgens*, 833 F.2d at 1181.

[21] *See* R. Doc. 6, p. 1. *See also Baer v. United Services Auto. Ass'n*, 503 F.2d 393, 395 n. 3 (2nd Cir. 1974) (explaining that USAA "with a few exceptions, insures only present and former United States military personnel and their immediate families and adheres to the traditional concept that in a reciprocal insurance association the members, by exchanging contracts of insurance, are both the insurers and the insureds. In a very real sense then, when a disgruntled policyholder sues the reciprocal, he is suing not so much the entity as he is his fellow individual members of that entity." The *Baer* court went on to state that it was inconceivable that USAA did not have at least one member, other than the plaintiff, who was a citizen of New York). *Id.*, at 396.

[22] *Hurst v. Singh*, No. 19-346, 2019 WL 2418751, at *2 (M.D. La. June 7, 2019) (noting that USAA had filed a consent to removal that indicated it was a reciprocal inter-insurance exchange, such that its citizenship would be that of all its constituent members).

[23] *See*, *Rodriguez v. USAA Casualty Insurance Company*, No. 07-6420, 2007 WL 9812999, at *3 (E.D. La. Dec. 5, 2007) (citations omitted) (noting that "United Services Automobile Association…has consistently been found to be an unincorporated association with Louisiana citizenship for purposes of determining diversity jurisdiction.").

[24] While Plaintiff did not specifically discuss the *Hensgens* factors in its Motion for Leave, there is sufficient information in the record to analyze these factors without the need for additional briefing.

indication that Plaintiff's joinder of USAA is merely an effort to destroy diversity jurisdiction. Plaintiff's original Petition for Damages named USAA Casualty as a defendant and alleged that USAA Casualty was Plaintiff's uninsured/underinsured motorist carrier.[25] These allegations in the original Petition show that Plaintiff intended to assert claims against the entity that provided her uninsured/underinsured motorist coverage. Due to the similarity in the names, Plaintiff simply mis-named the correct entity.

Additionally, it does not appear that the amendment to add USAA would be futile, which would be a basis to find that the amendment was made for the purpose of defeating diversity jurisdiction.[26] Plaintiff has stated a claim against her uninsured/underinsured motorist carrier.[27]

Consideration of whether Plaintiff has been dilatory in requesting this amendment also weighs in favor of granting leave. Plaintiff filed the Motion less than one month after USAA filed its Motion to Remand, claiming that USAA, rather than USAA Casualty was the correct defendant. Additionally, as no scheduling order has been entered in this case, nor has any significant activity beyond the pleadings stage occurred in this Court, this factor weighs in favor of granting leave to

---

[25] R. Doc. 1-2, p. 3, ¶ 11.
[26] "[C]ourts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." *Schindler v. Charles Schwab & Co., Inc.*, No. 05-82, 2005 WL 1155862, at *3 (E.D. La. May 12, 2005) (emphasis in original) (*citing* cases). *See also Valenti v. Coburn Supply Company*, No. 19-571, 2020 WL 4679544, at *2 (M.D. La. Jul. 28, 2020) ("[A]s long as the plaintiff states a valid claim against the new defendant, the principal purpose is not to destroy diversity jurisdiction.")
[27] *Cibulski v. Miller*, 2013 WL 950570, at *3 (E.D. La. Mar. 11, 2013) ("Under Louisiana law, a solidary obligation exists between UM insurers and tortfeasors...."). *See also McLain v. Herrington,* No. 19- 454, 2020 WL 1025527, at *12 (W.D. La. Jan. 24, 2020), *report and recommendation adopted sub nom., McLain v. Harrington,* No. 19-454, 2020 WL 1034377 (W.D. La. Mar. 2, 2020) (granting remand due to the joinder of a nondiverse UM/UIM carrier and holding: "…the Court cannot state that there is no reasonable basis to predict that McLain might be able to recover against Farm Bureau. Though Removing Defendants and Hallmark presented summary-judgment-type evidence of Farm Bureau's subrogation claim amounts, no summary-judgment-type evidence was presented and no undisputed facts were established regarding White's quantum of damages for the Court to determine the potential remaining coverage available to McLain. The severity and extent of White's injuries are unknown. Therefore, the Court cannot determine the potential remaining coverage available to McLain under the Hallmark excess policy. If McLain cannot recover sufficient recovery [sic] from Hallmark for any reason, McLain may proceed against Farm Bureau as her UM insurer. The Court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649. Therefore, Farm Bureau, a Louisiana citizen, is a properly joined party and this Court lacks subject matter jurisdiction.").

6

amend.

The third *Hensgens* factor looks at the prejudice to Plaintiff if leave to amend is denied.[28] "Considerations of cost, judicial efficiency and possible inconsistency of results militate not requiring plaintiff[s] to prosecute two separate claims in two forums when both arise from the same set of facts and circumstances."[29] If leave is denied here, Plaintiff may be forced to litigate her claims against USAA in a separate forum from her claims against the other defendants. There are no considerations that weigh against amendment in this case. Accordingly, it is recommended that Plaintiff be granted leave to file her proposed Supplemental and Amending Petition for Damages,[30] and that this matter be remanded for lack of subject matter jurisdiction.

### III.    CONCLUSIONS AND RECOMMENDATIONS

Because application of the factors this Court must consider weigh in favor, **IT IS RECOMMENDED** that the unopposed Motion for Leave to File Supplemental and Amended Petition for Damages,[31] filed by Plaintiff Vandra Fields, be **GRANTED**. As the substitution of a non-diverse defendant, United Services Automobile Association, for USAA Casualty Insurance Company, will destroy subject matter jurisdiction, **IT IS FURTHER RECOMMENDED** that this matter be **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, if the Motion for Leave is granted.

Signed in Baton Rouge, Louisiana, on January 18, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] *Hensgens*, 833 F.2d at 1182. *See also Darr v. Amerisure Ins. Co.*, No. 16-232, 2016 WL 5110267, at *8 (M.D. La. Aug. 31, 2016).
[29] *Darr*, 2016 WL 5110267, at *8, quoting *Joseph*, 513 F.Supp.2d at 670.
[30] R. Doc. 13-2.
[31] R. Doc. 13.